**Kujtim BRAKA, et al., Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

**No. 07–1777–ag.**

United States Court of Appeals, Second Circuit.

May 6, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Charles Christophe, Christophe & Associates, New York, NY, for Petitioners.

Shelley R. Goad, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division (Peter D. Keisler, Assistant Attorney General; Barry J. Pettinato, Assistant Director, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB and Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN,[1] District Judge.

### SUMMARY ORDER

Petitioners Kujtim Braka, Lulezime Braka, Eneida Braka, and Enea Braka, natives and citizens of Albania, seek review of an April 11, 2007 order of the BIA denying their motion to reopen.[2] *In re*

1. The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

2. Because Kujtim Braka was the lead applicant in the underlying proceedings and the

other petitioners were derivative applicants whose claims depended entirely on his, this order refers exclusively to him.

*Braka,* Nos. A 79 429 960/961/962/963 (B.I.A. Apr. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion.[3] *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "The BIA exceeds its allowable discretion if its decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, ... (4) contains only summary or conclusory statements, ... [or (5)] fails to consider the facts of record relevant to the motion." *Melnitsenko v. Mukasey,* 517 F.3d 42, 50 (2d Cir.2008) (citation and internal quotation marks omitted).

▉ We find that the BIA did not exceed its allowable discretion in denying Braka's motion to reopen.[4] A motion to reopen must generally "be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Because the BIA dismissed his appeal from the decision of the Immigration Judge in January 2005, Braka's February 2007 motion was plainly untimely.

▉ Here, the BIA reasonably found that Braka failed to satisfy the exception to the time-limitation, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), where his submission of the 2005 Country Report and articles relating to violence against Democratic Party members did not demonstrate changed country conditions. The 2001 Report, submitted at the hearing, reflected that, despite some improvements, the Albanian government's human rights record was poor in many areas and that there had been reports of arrests and abuse of Democratic Party members by the Government. The 2005 Report, however, makes no reference to tensions between Democrats and Socialists, and contains the same general comment that Albania's human rights record was poor and that police abuse of citizens "continued" to be a problem. Similarly, of the dozen articles Braka submitted, only one discusses incidents of harassment against Democratic Party members. Another article discusses the mistreatment and torture of prisoners in general. At best, this documentation demonstrates that the difficult political conditions in Albania have continued, not worsened. In any event, Braka does not illustrate how these country conditions are material to his claim particularly where, as the BIA observed, he was found not credible in his underlying proceeding. *See Kaur,* 413 F.3d at 234 (motion to reopen must rebut the adverse credibility finding that provided the basis for the agency's denial of underlying asylum application).

▉ In his brief, Braka also asserts that the recent release of his brother's killer from prison is new and previously unavailable evidence that justifies reopening. To the extent that this argument is sufficiently raised to permit review, we find that the BIA did not err in concluding that it did not warrant relief. The BIA reasonably found that Braka had failed to show how the release of his brother's killer posed a risk of harm to the Brakas if they return to Albania. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

---

3. Although Braka is challenging the denial of relief in "asylum-only" as opposed to removal proceedings, this Court has jurisdiction under 8 U.S.C. § 1252(a)(1) because such denial of relief "is the functional equivalent of a removal order." *Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

4. We lack jurisdiction to review the BIA's decision not to reopen the case *sua sponte. See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

Lastly, although Braka submitted with the motion to reopen several affidavits from relatives describing Braka's beatings in Albania, he has made no argument as to why the BIA erred in finding that they did not constitute previously unavailable evidence or changed country conditions. As such, we deem any argument with respect to those affidavits waived.[5] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (citation and internal quotation marks omitted)). The BIA thus properly denied the motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

5. Braka's bare assertion that these affidavits were "newly-obtained" is not sufficient to constitute an argument that they were "not available and could not have been discovered or presented at the previous hearing." *See* 8 C.F.R. § 1003.2(c)(3)(ii).